AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

F I L E D
JUN - 3 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

DAVID J.. FALSO )
)
)
_____ )
*Petitioner* )
)
v. ) Case No. 3:13CV356
ERIC D. WILSON ) *(Supplied by Clerk of Court)*
Warden, FCC Petersburg )
)
)
_____ )
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: David J. Faslo

   (b) Other names you have used: _____

2. Place of confinement:

   (a) Name of institution: FCC Petersburg

   (b) Address: PO Box 1000, Petersburg, VA, 23804

   (c) Your identification number: 1330-052

3. Are you currently being held on orders by:

   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:

   ☐ A pretrial detainee (waiting for trial on criminal charges)

   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

   If you are currently serving a sentence, provide:

   (a) Name and location of court that sentenced you: Federal District Court for the Northern District

1. of New York, 15 Henry Street, Binghamton NY 13905

   (b) Docket number of criminal case: 3:05-CR-270

   (c) Date of sentencing: June 6, 2006

   ☐ Being held on an immigration charge

   ☐ Other *(explain)*: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

   ☐ Pretrial detention

   ☐ Immigration detention

   ☐ Detainer

   ☒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

   ☐ Disciplinary proceedings

   ☐ Other *(explain)*: _____

6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court:   Federal District Court for the Northern District of New York, 15 Henry Street, Binghamton NY 13905

   (b) Docket number, case number, or opinion number:   3:05-CR-270

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

   Imposition of Sentence

   (d) Date of the decision or action:   June 6, 2006

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes          ☐ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court:   Second Circuit Court of Appeals

   (2) Date of filing:   October 2, 2006
   (3) Docket number, case number, or opinion number:   06-2721-cr
   (4) Result:   Affirmed
   (5) Date of result:   9/25/2008
   (6) Issues raised:   1) Search and Seizure issues 2) Sentencing – improper enhancement of Mandatory minimum and guidelines

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?

   ☐ Yes      ☒ No

   (a) If "Yes," provide:

      (1) Name of the authority, agency, or court: _____

      (2) Date of filing: _____
      (3) Docket number, case number, or opinion number: _____
      (4) Result: _____
      (5) Date of result: _____
      (6) Issues raised: _____

   (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ☐ Yes      ☒ No

   (a) If "Yes," provide:

      (1) Name of the authority, agency, or court: _____

      (2) Date of filing: _____
      (3) Docket number, case number, or opinion number: _____
      (4) Result: _____
      (5) Date of result: _____
      (6) Issues raised: _____

Case 3:13-cv-00356-JAG Document 1 Filed 06/03/13 Page 4 of 11 PageID# 4

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☒ Yes ☐ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☒ Yes ☐ No

If "Yes," provide:

(1) Name of court: United States District Court – Northern District of New York
(2) Case number: 05-cr-270
(3) Date of filing: October 1, 2010
(4) Result: Petition denied
(5) Date of result: January 4, 2011
(6) Issues raised: Right to due process and to counsel were violated because the government did not disclose certain evidence until the matter was on appeal before the Second Circuit

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes ☒ No

If "Yes," provide:

(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

Page 5 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____See attached sheets_____

11. **Appeals of immigration proceedings**

   Does this case concern immigration proceedings?

   ☐ Yes ☒ No

   If "Yes," provide:

   (a) Date you were taken into immigration custody: _____
   (b) Date of the removal or reinstatement order: _____
   (c) Did you file an appeal with the Board of Immigration Appeals?

   ' Yes ' No

   If "Yes," provide:
   (1) Date of filing: _____
   (2) Case number: _____
   (3) Result: _____
   (4) Date of result: _____
   (5) Issues raised: _____

   (d) Did you appeal the decision to the United States Court of Appeals?

   ' Yes ' No

   If "Yes," provide:
   (1) Name of court: _____
   (2) Date of filing: _____
   (3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☒ Yes      ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application:     Petition for Writ of Certiorari to the United States Supreme Ct.

(b) Name of the authority, agency, or court:     United States Supreme Court

(c) Date of filing:     April, 2009

(d) Docket number, case number, or opinion number: _____

(e) Result:     Petition denied

(f) Date of result:     October 9, 2009

(g) Issues raised:     1) Whether an unexplained e-mail address found somewhere on a child pornography website and an 18-year-old misdemeanor conviction for endangering the welfare of a child constituted probable cause to search a home; 2) Whether an agent made intentional or recklessly false statements in the warrant application; 3) Whether Falso's statements should have been suppressed; whether the endangering the welfare conviction could be used to enhance Falso's sentence

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** There has been a decision by the Second Circuit since Petitioner's appeal and §2255 petition that should be applied retroactively because it altered substantive criminal law in that Petitioner's sentencing was enhanced by conduct that could not have been found criminal creating a manifest injustice.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
   See attached sheets

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes  ☐ No

**GROUND TWO**: _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
'Yes    'No

**GROUND THREE**: _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you? 'Yes 'No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes  ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do: Remand to sentencing court for resentencing

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 30 APRIL 2013

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

### Response to Question 10(c)

Petitioner has already brought one §2255 motion and was denied relief. §2255 does not allow Petitioner to seek relief under a successive petition unless the United States Supreme Court decides a case on a constitutional issue that the Court says should be applied retroactively. Petitioner contends that there has been a substantive change in the law in the Second Circuit based on statutory construction since his appeal and his first §2255 petition that should be applied retroactively to prevent a manifest injustice and §2255 does not allow this argument to be made and is therefore inadequate and ineffective to provide a remedy for Petitioner.

### Response to Question 13(a)

The Petitioner David J. Falso pled guilty to Ind. No. 05-CR 270 charging him with traveling with the intent to engage in illicit sexual conduct with minors (18 U.S.C. §§ 2423(b),(f) & 2246) (Counts 1-2); production of child pornography, 18 U.S.C. § 2251(a) (Counts 3-10); receiving child pornography via the internet, U.S.C. §§ 2252A(a)(2)(A), (B) & 2256 (Counts 11-233); transporting and shipping child pornography, 18 U.S.C. §§2252A(a)(1) & 2256 (Counts 234-241); and possession of child pornography. 18 U.S.C. § 2252A(a) (5)(B) (Count 242). On June2, 2006 Petitioner was sentenced to 30 years on Counts 1 and 2; 30 years on Counts 3 through 10; 30 years on Counts 11 through 241; and 20 years on Count 242, to run concurrently with each other, for a total term of imprisonment of 30 years. Petitioner appealed the sentence as well as search and seizure issues to the Second Circuit and petitioned the United States Supreme Court for a Writ of Certiorari and was denied on October 9, 2009.

After his appeals were denied Petitioner brought a petition under §2255 upon the ground that his rights to due process were violated because the Government did not disclose certain evidence until the matter was on appeal before the Second Circuit. This motion was denied on January 4, 2011.

While litigating his case at the District Court level the District Court judge ruled that under 18 U.S.C. 2251(e) and 2252(a) Petitioner's sentence should be enhanced due to a conviction in New York State for Endangering the Welfare of a Child in violation of New York Penal Law §260.10. As a result of those enhancements, Petitioner was subject to a 25-year mandatory minimum sentence with respect to Counts 3-10; a 15-year mandatory minimum with respect to counts 11-233; a 15-year mandatory minimum with respect to counts 234-241; and a 10-year mandatory minimum with respect to count 242. Petitioner objected that the conviction should not be considered a conviction for sexual abuse under the Federal enhancement statute because the New York statute encompassed conduct other than sexual abuse and the statute was not divisible and thus did not meet the criteria for a conviction for statutory enhancement purposes. Petitioner urged the District Court that the Supreme Court dictated that the categorical approach in determining whether the conviction met the enhancement criteria should be applied but the District Court ruled otherwise and said the endangering the welfare of a child conviction could be used to enhance the sentence so that mandatory minimums applied.

Petitioner also argued that the conviction for endangering the welfare of a child should not be considered a sex offense conviction under §4B1.5(a) of the Federal Sentencing Guidelines and was rejected on that score also. The District Court then enhanced Petitioner's guideline

score for his offense level and stated at sentencing that his discretion in mandatorily considering the guidelines may be affected by Petitioner's guideline score, the obvious inference being that if the guideline score was erroneous it would have an effect on Petitioner's sentence.

When the Second Circuit decided Petitioner's claim on direct appeal that the District Court sentenced him improperly under the enhancement statutes and the guidelines, the Second Circuit in a non-published summary order ruled that it needn't decide the issue because it did not affect the ultimate sentence. The Second Circuit never addressed the procedural reasonableness of the sentencing and whether the judge made error in computing the guidelines nor did the Court address the substantive reasonableness of the sentence in light of the statutory and guideline enhancements and the effect they had on the judge in considering other sentencing factors under §3553(a).

In August of 2012 the Second Circuit decided a case specifically holding that the New York State conviction for Endangering the Welfare of a Child under §260.10 of the Penal Law may not be considered for statutory or guideline enhancement purposes and that so doing may lead to considerably higher sentences than defendants would otherwise have received. This is the same exact situation that Petitioner was in and the Second Circuit Decision was directly on point. It is the Petitioner's contention that the decision by the Second Circuit in interpreting the same statute as that concerning Petitioner created a substantive change in the criminal law that should apply retroactively to Petitioner's case. Since the Second Circuit's decision dealt with meaning of a substantive criminal statute it has to be retroactive because a statute cannot mean one thing prior to the Court's interpretation and something entirely different afterwards.

Petitioner contends that he is being detained on a sentence based on conduct that should not have been considered under the enhancement statute or the guidelines involving a significant inequity that creates a manifest injustice. Petitioner's sentence for conduct that should not have been considered is violative of due process under the 5th Amendment and amounts to cruel and unusual punishment under the 8th Amendment. By the improper consideration of the prior conviction for enhancement purposes and the miscalculation of the correct guideline score, Petitioner's sentence was both procedurally and substantively unreasonable. Had the District Court not been obligated to enhance by his incorrect ruling he would have been able to give more credence to other §3553(a) factors and Petitioner would have received a lesser sentence.