IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DAVID J. FALSO,

    Petitioner,

v.                                                                           Civil Action No. 3:13-cv-00356-JAG

ERIC D. WILSON,

    Respondent.

## MEMORANDUM OPINION

This matter comes before the Court on the respondent's Motion to Dismiss the petitioner's 28 U.S. § 2241 Petition for a Writ of Habeas Corpus. (Dk. No. 5.) The petitioner, David Falso, is a federal inmate at the Federal Correctional Complex, Petersburg. He has submitted a 28 U.S.C. § 2241 petition[1] ("2241 Petition") challenging his sentence imposed by the United States District Court for the Northern District of New York ("Sentencing Court.") Falso's petition cannot show that relief under 28 U.S.C. § 2255 would be inadequate or ineffective. Hence, his 2241 Petition constitutes an unauthorized, successive § 2255 motion and the respondent's Motion to Dismiss will be GRANTED.

---

[1] That statute provides, in pertinent part:
(c) The writ of habeas corpus shall not extend to a prisoner unless –
    (1) He is in in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . .
.
28 U.S.C. § 2241(c)(1)-(3).

## I. Statement of Facts

Falso pled guilty, in the Sentencing Court, to 242 counts, for crimes relating to child pornography and traveling with intent to engage in illicit sexual conduct with minors. (Dk. No. 6, ex. 1.) Of specific importance to his 2241 Petition, Falso pled guilty to the production of child pornography, 18 U.S.C. § 2251(a) (counts 3-10); receiving child pornography via the internet, U.S.C. §§ 2252(a)(2)(A), (B) & 2256 (counts 11-233); transporting and shipping child pornography, 18 U.S.C. §§ 2252(a)(1) & 2256 (counts 234-41); and possession of child pornography, 18 U.S.C. § 2252(a)(5)(B) (count 242.) Convictions under §§ 2251(e) and 2252(a) qualify for enhanced penalties if the defendant has a prior conviction "under the laws of any state [for crimes] relating to . . . sexual abuse." 18 U.S.C. §§ 2251(e) & 2252(b). Over Falso's objections, the Sentencing Court ruled that his prior conviction in New York for Endangering the Welfare of a Child constituted a prior conviction for sexual abuse, enhancing his federal sentence. These enhancements resulted in mandatory minimum sentences of 25 years for counts 3-10, 15 years for counts 11-233, 15 years for counts 234-41, and 10 years for count 242. The Sentencing Court eventually sentenced Falso to 30 years on countS 1 and 2, 30 years on counts 3-10, 30 years on counts 11-241, and 20 years on count 242. The court ordered the sentence to run concurrently, resulting in an aggregate term of imprisonment of 30 years.

Falso appealed his sentence and conviction, challenging, among other things, the enhancements applied to his sentence. In two separate opinions, the Second Circuit upheld Falso's sentence and his conviction. *See United States v. Falso*, 544 F.3d 110 (2d Cir. 2008); *United States v. Falso*, 293 F. App'x 838 (2d Cir. 2008). The United State Supreme Court subsequently denied his Petition for a Writ of Certiorari. *Falso v. United States*, 544 F.3d. 110 (2d Cir. 2008), *cert. denied* 558 U.S. 933 (U.S. Oct. 5, 2009) (No. 08-1551). In 2010, Falso filed

a § 2255 motion, which the Sentencing Court eventually denied. (Dk. No. 1 at 4.) Finally, Falso filed the instant 2241 Petition in 2013. In it he claims that the Second Circuit's opinion in *United States v. Beardsley*, 691 F.3d 252 (2d Cir. 2012), renders his conviction improper and that it should retroactively apply to his case.

## II. Legal Standard

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000) (quoting *Cox v. Warden, Fed. Del Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990)); *In re Vial* 115 F.3d 1192, 1194 (4th Cir.1997) (citing cases). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[2]

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his

---

[2] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains:
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h).

3

detention." 28 U.S.C. § 2255(e).[3] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d at 1194 n. 5 (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n. 1 (7th Cir.1982)).[4] Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (internal citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir.2008) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir.2000). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which an *individual is*

---

[3] This statute provides, in pertinent part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief [under 28 U.S.C. § 2241], shall not be entertained . . . unless it also appears that the remedy [under 28 U.S.C. § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D.Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir.2000)).
[4] A petition for a writ of habeas corpus under 28 U.S.C. § 2241 should be filed in the jurisdiction where the inmate is incarcerated. *See* 28 U.S.C. § 2241(a).

4

*incarcerated for conduct that is not criminal* but, through no fault of his own, [he] has no source of redress." *Id.* at 333 n. 3 (emphasis added).

In order to satisfy the second prong of *In re Jones*, 226 F.3d. at 334, the petitioner must prove that the substantive law has changed so that she is now factually innocent, rather than legally innocent.[5] *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). The Fourth Circuit differentiates between cases challenging the "conduct of conviction," and cases in which petitioners challenge their sentence. *Darden v. Stephens*, 426 F. App'x. 173, 174 (4th Cir. 2011). The savings clause applies only to petitions challenging the former. *Darden*, 426 F. App'x at 174 (holding that the savings clause does not apply to challenges where the petitioner claims innocence of the enhancement); *see also Pettiford*, 612 F.3d at 284. Falso fails to demonstrate that, subsequent to his direct appeal and his first § 2255 motion, the substantive law changed so that "the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* at 333 (emphasis added). All of the illegal conduct that Falso originally pled guilty to remains criminal.

### III. Discussion

The petitioner claims that because of the Second Circuit's opinion in *Beardsley*, 691 F.3d 252, his conviction under NY Penal Law § 260.10 should not have been used to enhance his federal conviction, an enhancement which increased the mandatory-minimum sentence for most of his crimes. In *Beardsley*, the Second Circuit held that NY Penal Law § 260.10 does not

---

[5] The best example of this comes directly from *In re Jones*, 226 F.3d 328, itself, where the Fourth Circuit held that relief under § 2255 was inadequate or ineffective due to the United States Supreme Court's decision in *Bailey v. United States*. *Jones*, 226 F.3d at 334 (citing *Bailey*, 516 U.S. 137). In *Bailey*, the Court interpreted the meaning of the term "use" in a federal statute criminalizing the use of a firearm during and in relation to a drug trafficking offense. 516 U.S. at 143. While the *Jones* petitioner's conduct constituted "use" of a firearm at the time of the petitioner's conviction, *Bailey* interpreted "use" in a narrower way that did not encompass the petitioner's conduct. *Jones*, 226 F.3d at 337. Since the import of *Bailey* was that the petitioner had not used a firearm within the meaning of the statute, the petitioner was factually innocent of using a gun while committing a crime, making relief under § 2255 inadequate or ineffective. *Id.*

5

qualify as a prior state conviction for sexual abuse, meaning that it cannot enhance a defendant's sentence under 18 U.S.C. §§ 2251(e) and 2252(a). 691 F.3d at 274. According to Falso, because NY Penal Law § 260.10 does not qualify as a prior conviction for sexual abuse, he is "actual[ly] innocen[t] of the predicate conviction that enhanced his conviction." (Dk. No. 8 at 4.) The *Beardsley* opinion, however, has no bearing on whether relief under § 2255 is inadequate or ineffective.

Falso does not claim that he did not commit any of the 242 counts to which he pled guilty, nor does he claim innocence in regards to NY Penal Law § 260.10. He does not claim innocence in regards to any of his federal crimes because the actions that led to his conviction remain illegal. *Beardsley*, in no way, altered the requirements necessary for a conviction under any federal statute. It simply determined that a prior conviction for violating NY Penal Law § 260.10 cannot enhance a defendant's sentence under 18 U.S.C. §§ 2251(e) or 2252(a).

Instead, Falso's actual argument boils down to an assertion that he is innocent of the sentencing factor that enhanced his federal sentence, a claim that explicitly does not trigger the savings clause. *Poole*, 531 F.3d at 267 (4th Cir. 2008) (quoting approvingly *Poole v. Barron*, No. 04-CV-095-KKC, slip op. at 6 (E.D. Ky. May 26, 2004) ("the savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just innocence of a sentencing factor.") That Falso actually claims innocence of a sentencing factor becomes clear upon a reading of the statutes providing for enhancement.[6] Under both § 2251(e) and § 2252(b), a prior conviction for sexual abuse simply increases the defendant's minimum punishment. A

---

[6] Both statutes contain provisions which read:
> "Any individual who violates, or attempts or conspires to violate, this section . . .[and] has one prior conviction . . . under the laws of any State relating to aggravated sexual abuse . . . shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years."

18 U.S.C. § 2251(e) & § 2252(b)

prior conviction is not necessary for a conviction under either statute. Despite Falso's best attempts to argue otherwise, the conduct that led to his conviction remains criminal, whether or not a conviction for violating N.Y. Penal Law § 260.10 enhances a federal child pornography conviction.

## IV. Conclusion

Falso cannot show that his conduct can no longer be deemed criminal, and, consequently, he cannot show that relief under § 2255 would be inadequate or ineffective. Accordingly, his 2241 Petition constitutes an unauthorized successive § 2255 motion and will be dismissed for want of jurisdiction. The Respondent's Motion to Dismiss, (Dk. No. 5,) will be GRANTED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Falso fails to satisfy this standard. A certificate of appealability will be DENIED.

An appropriate final order will accompany this Memorandum Opinion.

It is so Ordered

Date: December 16, 2013
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge